# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARGOLIS EDELSTEIN,<br>a Pennsylvania Partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | C.A. No. N25C-09-018 FJJ |
| GENE KIRSCHNER and<br>GARY JEFFERSON, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

*on Plaintiff's Motion to Dismiss Defendants' Counterclaim*

## DENIED

Having considered Plaintiff's Motion to Dismiss Defendants' Counterclaim and the response thereto, it appears to the Court that:

1. Plaintiff is a law firm. Plaintiff represented Gene Kirchner and Gary Jefferson (collectively referred to as "Defendants") in an action in this Court captioned *Mid Atlantic Sport and Hospitality, LLC v. Kirchner and Jefferson,* (this suit will be referred to as the "MASH" suit). The MASH suit resolved when the instant defendants agreed that a Stipulated Judgment against them would be entered in favor of the plaintiff in the MASH suit. The stipulated judgment was for $289,450 plus interest at a rate of 5% per month.

1

2.      Plaintiff alleges that the defendants failed to pay their final legal bill in the amount of $4,399.35 and have filed the instant suit to collect at least that amount.

3.      Defendants have filed a counterclaim in which they allege "Plaintiff committed malpractice by recommending that Defendants settle the dispute with MASH by stipulating to a judgment in favor of MASH in an excessive amount with interest that was to accrue at an outlandish effective rate of sixty percent (60%) per annum."[1]

4.      Plaintiff has moved to dismiss Defendants' counterclaim for the following reasons: (a) the Counterclaim meets essentially none of the required prima facie elements for a legal malpractice claim; (b) its lists no facts to show why Defendants would win the 'case within a case;' (c) Rule 11 governed the parties submissions to Judge Butler and allowed him to enter it; and (d) judicial estoppel bars the claim.[2]

5.      When reviewing a Motion to Dismiss under Superior Court Rule 12(b)(6), the Court (1) accepts all well-plead factual allegations as true, (2) accepts even vague allegations as well-plead if they give the opposing party notice of the claim, (3) draws all reasonable inferences in favor of the non-moving party, and (4) only dismisses a case where the plaintiff would not

---

[1] Docket Item ("D.I.") 10, ¶55.
[2] D.I. 12.

be entitled to recover under any reasonably conceivable set of circumstances.[3] "Dismissal is warranted where the plaintiff has failed to plead facts supporting an element of the claim, or that under no reasonable interpretation of the facts alleged could the complaint state a claim for which relief might be granted."[4]

6.      Plaintiff maintains that Defendant must plead facts demonstrating how they will win the 'case within a case.' Not so. Dismissal is warranted under Rule 12(b)(6) only where under no reasonable interpretation of the facts alleged could the counterclaim state a claim for which relief might be granted. The complaint clearly alleges the substance of the malpractice claim. At this stage of the proceedings, Plaintiff is not required to plead the 'case within the case.' Nor are defendants required to plea the identity of an expert or that one has been consulted. That is a matter for summary judgment not for a motion to dismiss. What has been pled puts plaintiff on notice of the claims against it.

7.      Plaintiff maintains that the filing of the Stipulated Judgment bars the counterclaim for malpractice based on the doctrine of judicial estoppel. "Judicial estoppel is an extraordinary, discretionary, (and) equitable remedy

---

[3] *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Holdings*, 27 A.3d 531, 535 (Del. 2011).
[4] *Wyoming Concrete Indus., Inc. v. Hickory Commons, LLC II*, 2007 WL 53805, at *1 (Del. Super. Ct. Jan. 8, 2007) (citing *Hedenberg v. Raber*, 2004 WL 2191164, at *1 (Del. Super. Ct. Aug. 20, 2004)).

that acts to preclude a party from asserting a position inconsistent with a position previously taken in the same or earlier legal proceeding … to protect the integrity of the judicial proceedings."[5]  "As the Delaware Supreme Court has explained, judicial estoppel applies only where (1) a party's current position contradicts a position that the party previously took; and (2) the party 'successfully induced' a court to adopt its earlier position in a judicial ruling or accept that position as a basis for its ruling."[6]  "The party's prior position will be considered a basis for the court's ruling where (i) the prior position contributed to the court's decision; (ii) the court relied on the party's prior position; or (iii) the party's newly inconsistent position contradicts the court's ruling."[7]  Nothing in the Stipulated Judgment is inconsistent with the defendants' allegations that the plaintiff committed legal malpractice.  The fact that the defendants agreed to the stipulated judgment could very well have been based on incorrect advice given by counsel.  For these same reasons, Plaintiff's reliance on Superior Court Rule 11 for dismissal is equally misplaced.

[5] *Chandler v. Bayhealth Medical Center, Inc.*, 2024 WL 4977010 (Del. Super. 2024) (internal citations and quotation marks omitted).

[6] *Id*. (citing *La Grange Cmtys., LLC v. Cornell Glasgow, LLC*, 74 A.3d 653, 2013 WL 4816813, at *4 (Del. Sept. 9, 2013)).

[7] *Id.* (citing *In re Rural/Metro Corp. S'holders Litig.*, 102 A.3d 205, 247 (Del. Ch. 2014)) (internal citations and quotation marks omitted).

For the above stated reasons, Plaintiff's Motion to Dismiss the Counterclaim be and hereby is **DENIED**.

**IT IS SO ORDERED** this 29th day of January, 2026.

_/s/ Francis J. Jones, Jr._
Francis J. Jones, Jr., Judge

cc:    File & ServeXpress